*433 Ruffin, Judge.
— The point, upon which the PlainfifPs counsel has put this case, due» not arise. There is no usury, t vcn if it be taken for granted, that the advance of the g.;00, was-by way of loan from Hylton to Moore, For whetvver the deittor, by the terms of the contract, can atojtl the payment of a larger by the puyum nt of a smaller sime at an earlier day, the .contract is not usurious, but conditional; and the larger stun becomes a mere penalty. To constitute usury, the obligation to pay tm. *e than the legal rate of interest must be absolute upon the face of the transaction. Now regarding the assignment of the bond, and the instrument in the nature of a defeazance, given by Hylton to Moore, all as one transaction — as we must do, when we treat the advance of the money as a loan, and these papers as securities — they show the true debt to be SSOO, to be paid on the 20th of June under penalty of $400„— If this were usury, every penal bond would be void. — ■ Nor is there usury as between Moore and Hylton, upon the score of the discount allowed by Chamhlis; that is, taking <h*' transaction to be a sale of the bond by Cham-hlis. For a contract good in its creation is not avoided by a subsequent usurious agreement. The receipt of the unlaw fa! interest subjects the receiver to the penalty, hut the validity of the security is not impaired thereby.
But the Plaintiff is as clearly entitled to be relieved from the$ 100. regarding it as a penalty, as he would be ton the score of usury, did that exist, if there was a loan by Hylton to Moore, only the money advanced and interest can he now exacted, whatever the form of the securities may be. The excess beyond that would be either usurious interest or a penalty 5 in either case the Court would relieve.
It does not appear distinctly from the framing of the bill, whether the relief is put upon that ground or «¡ion t hat of the fraud in the sale of the horse, and the subsequent compromise between Moore & Chamblis. It is snanilestj that those *434 two cases can have no connexion with each other, so as to create an equity for the Plaintiff. For itisimmaterial.what was the character of the dealings between Moore and chamblis, if in fact the money was lent by Hylton to Moore; for that is a new and independent contract.— It is to be regretted, that pleaders do not place the equity of tlieir clients upon distinct statements, calculated of themselves to support it, so that the ground of the relief might stand out visibly to the Court. Looseness and confusion in stating the Plaintiff’s case often embarrass the Court, and defeat the relief by not drawing from the Defendant distinct and proper answers. But it is unnecessary to pursue these considerations further, since the cause must be decided against the Plaintiff upon other points.
For allowing the hill to be duly framed, and to stand in tiie alternative, that there was a loan to Moore directly, and that the assignment of the bond was merely a mode of securing the repayment; or that Loyd was guily of a deceit in the sale of the horse, and that Cham-bits agreed to deduct 8100, as the valued damages on that account, and that Hylton purchased the bond after-wards with notice thereof: in either aspect, the bill must be dismissed, not for want of equity, but for want of evidence. The Plaintiff’s equity upon the first point has already been considered. That on the second head is equally clear — taking the facts for granted. That they áre true is most probable. For it is almost impossible to suppose, that Loyd should be sent off by Chamblis to make sale of a covering horse, without any instructions to the material fact of his age ; that Chamblis should have felt it necessary to hold his conversations with Moore, upon the simple matter of a'speedier payment of the bond, in private ; that Moore’s complaint of the fraud should not have entered at all into the agreement for the deduction ; that Chamblis should have entirely concealed from his particular friend Hylton, then his companion at Moore’s, and his host that night, those parte *435 oí fbe cot! vera ation, which concerned Moore’s grievance 5 find (hat the agreement given in writing by Hylton, to ¡receive £¡300» imd no reference to the defect in the horse, and Chamblis stipulation to abate for it. Yet such the tale in the answers j which deny altogether and directly the fact of the loan $ deny the. fraud by Loyd j do not admit his certificáis) 5 admit Chamblis' agreement to -deduct glOO, but attribute it altogether to bis pressure for money, which induced him to aiiow tliat heavy discount for prompt payment; admit the written instrument, charged to have been given by Hylton ; but say, that it was a mere bounty, for that he refused to Send the mo-jjcy to Moore, but bought the bond from Chamblis. It venid be hard to believe witnesses who deposed to such a case j much more the answers of Defendants. The Court did therefore very right, to refuse to dissolve the injunction «pon (he coming in of the answers. Upon Thai occasion, the answers could he scanned j and altim' their contents arc generally to bs deemed trae, yet any evasion in not responding to the material charges of the biil, or an extreme improbability in the accounts given by the Def-ndants of die transaction, might well prevent (he Court acting on them. Upon a motion to dissolve, the Defendant is the actor. His statement musí' ¡ml therefore shock credulity itself. In such a case, the Court will keep up the injunction, to allow the Plaintiff iu 1 opportunity to except to the answer ; or let the case stand for proofs. For upon a replication to the answer, the Defendant must prove the whole of his case, and his íüHVver is only evidence of It, so far as it is responsive, to the Plaintiff5» charges,
Here ho proofs bare been taken 011 either side $ and die Plaintiff has overruled his own replication, by setting the cause down for hearing upon bill and answers. \Vhtti. hcfo.e we could not listen to, now becomes quite credible, because the Plaintiff expressly admits the truth of id ,;yon the record» The answers deny positively the loan: *436 do not admit (he fraud, and deny any agreement to abate therefor ; and assert a sale of the bond by Chamblis to Hylton. Upon the answers, which the Plaintiff compels us to receive as true in all their parts, the case is this: a creditor agrees, without any consideration, and purely as a bounty, to remit to his debtor a portion of his debt. Such a promise is obligatory, neither at Law nor in Equity.
Henderson, Chief-Justice, concurred.